Johnson, J.
This indictment is founded upon section 22 of the crimes act of 1877, as amended by 76 O. L. 167, 168,, which reads as follows:
“ Section 22. Whoever shall, either verbally or by any letter or writing, or any written or printed communication, sent or delivered by him, demand of any person, with menaces, any chattel, money, or other valuable security; or if any person shall accuse, or shall knowingly send or deliver any letter or writing, or any written or printed communication, with or without a name, or with any letter, mark, or designation, accusing, or threatening to accuse any person of any crime punishable by law, or of any immoral conduct, which, if true, would tend to degrade and disgrace such person, or to expose or publish any of his infirmities or failings, or in any way to subject, him to the ridicule or contempt of society, or to do any injury to the person or property of any one, with the intent to extort, or gain from such person any chattel, money, or valuable security, or any pecuniary advantage whatsoever, or with intent to-compel the person threatened to do any act against his will,, with the intent aforesaid, every such offender shall be deemed guilty of an attempt to rob, and be punished by imprisonment in the penitentiary not less than one nor añore than five years, and may be fined not inoa-e than one thousand dollars.”
Section 23 of the act of 1831 (1 S. & C. 430), to punish certain acts commonly denominated blackmailing, and section 22 of chapter 3 of title 1, of the revision of the calmes act (74 0. L. 246), which was amended as above, made it a misdemeanor to send or deliver a writing, for the purpose of extorting money or other valuable thing, or coaatainiaag willftal and malicious threats of injui-y.
This amendment greatly eaolarges the scope of the statute on this subject.
*321 It includes many acts not before criminal, and makes any violation of its provisions a felony.
In many respects it lacks that clearness of meaning and accuracy of expression that should, characterize legislation, especially where, as in this case, it creates new crimes of highest grade. It is well calculated to give rise, as it already has done, to many original and perplexing questions.
As the second count of the indictment charges a violation of a single clause of this statute, we confine our opinion to that clause; not deeming it either necessary or proper in this connection to attempt a construction of the other provisions of the statute.
This second count charges, in substance, that defendants, with intent to extort gain from Wooley, did unlawfully, willfully and feloniously accuse him of the crime of procuring his barn, worth $450, and which was insured, to be burned, with intent to prejudice the insurer.
Whatever the other clauses of this statute may mean, it seems to be clear, that whoever, with intent to extort money, chattels or valuable securities, shall accuse any person of a crime punishable by law, is deemed guilty of an attempt to rob.
It is insisted that this indictment is defective:
1. In not stating the nature of the accusation, or the facts constituting the crime, so as to advise the accused of the charge he has to meet.
2. In not stating the name of the company in which the barn was insured.
3. In not stating the facts making the accusation unlawful, the averment that it is so being a mere conclusion of law,
4. In not describing the securities sought to be extorted.
5. Generally, in not stating the facts constituting the crime embraced in the accusation, and in not showing that Wooley was accused of any crime.
6. In not stating that the accusation -was false.
‘I. In not averring that the barn was insured for at least $50.
8. In not showing that defendants, or either of them, did in fact succeed in extorting money, chattels or valuable securities from Wooley.
*322 9. In not averring that the crime of which Wooley was accused tended to degrade or disgrace him.
10. In not stating that the accusation was in writing.
If to accuse verbally is within the statute, then,, it is said to be defective in not alleging a conspiracy among defendants to make the accusation, without which, the crime must be the act1 of one only.
1. Of the first five of these alleged defects, we may say, generally, that it is sufficient, if the indictment states the facts constituting the crime with certainty to a common intent, and that it is not necessary to state the evidence to prove these facts, nor does any defect or imperfection which does not prejudice the substantial rights of the accused on the merits invalidate it.
The gravamen of the charge here is, that defendants, with the intent named, did accuse Wooley of burning his barn, worth over $50, which was insured against loss or damage by fire, with intent to prejudice the insurer.
The statute (Id O. L. p. 248, § 2) made this a crime punishable by law.
Applying the above principles to the first five objections, we think them not well taken.'
6. Is the indictment defective in not stating that the accusation against Wooley was false?
It is the duty of every citizen to aid and encourage the prosecution of offenders, and it is the policy of the law to protect them in the performance of this public duty when they act in good faith and upon reasonable or probable cause. Such is still the policy of the law, with which the provisions of the statute do not interfere.
The same duty and the same protection now exists in favor of every person, who, for reasonable or probable cause, accuses another of crime.
The object of the clause of this statute is to forbid persons from assuming the character of prosecutors of crime, for the purpose of extorting gain to themselves. It declares that any one who makes an accusation of crime with this intent, shall be deemed guilty of an attempt to rob. If this is the *323 motive it is immaterial whether the accusation be true or false. While it is commendable to accuse and bring offenders to justice for the public good, it is justly made criminal to use, or attempt to use, the machinery of the law for purposes of ■extortion.
This question arose in Rex v. Cracknell, 10 Cox Orim. Cases, 408, under an act of parliament, making it a crime to threaten to accuse of an infamous crime in order to extort money. It was there held, that .although' the prosecuting witness might be cross-examined, with a .view of showing that he was really guilty of the accusation, yet it is not competent to show by other witnesses, even on cross-examination, that he was in fact guilty.
Willis, J., said: “ It was quite immaterial to the issue whether he was innocent or guilty of the charge made against him by the prisoners.”
Regina v. Menage, 3 Foster & Fin. 316, and The State v. Bruce, 24 Maine, 71, are directly in point and to the same effect.
7. Is the indictment defective in not stating that the barn was insured for at least $50 ?
We think not. By the statute above cited (74 O. L. 248, § 2), the value of the property insured, and not the amowit of insurance thereon must be $50. The amount that the insurer would be defrauded is not a material element of the crime, but the value of the property burned should be of the value of $50.
8. Is it defective because it only avers that the accusation was made with intent to extort, and does not allege that the attempt was successful?
The offense consists of an attempt to rob by means of such an accusation, and the crime is complete, whether it is successful or not.
9. Is it defective for want of ap averment that the accusation tended .to degrade and disgrace ?
When the accusation is of immoral conduct, it must be of such a nature as would tend to degrade or .disgrace, but where it is of a crime punishable by law, no such averment is required. Every accusation of immoral conduct, with intent to extort *324 gain, is not prohibited, but only where such immoral conduct is charged as tends to degrade and disgrace, while every accusation of a crime, punishable by law, with such intent, is sufficient without an averment that such crime would tend to degrade or disgrace.
10. Should the indictment aver that the accusation was in writing ?
If this was a charge of “ threatening to accuse,” the words-of the statute would seem to require that it should be in writing ; but where the*accusation is directly made with the unlawful intent, whether verbally or in writing, the crime is complete.
We see no reason why this should not be so. Such an accusation may be quite as effectual as a means of blackmailing ■as if made in writing.
If this be so, then it is urged the indictment is defective, in not averring a conspiracy to blackmail.
The answer to this is, that upon general principles, this crime belongs to the class that may be committed by one or more persons, and for which they may be jointly indicted without, alleging a previous conspiracy.
Several other questions which arose during the trial, or appear upon the record, have been considered. In these we find no error, but they are not deemed of sufficient importance to-be reported.